dismissed on the ground that it is not reviewable by article 78 CPLR, and on the additional ground that the mandate is incomplete. Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Tilzer, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK v. JOEL HODGES.— Motion for leave to appeal as a poor person denied and the appeal dismissed *sua sponte* as nonappealable. Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.

## (February 10, 1970)

 HANDELMAATSCHAPPIJ "COWESCO" N.V., Respondent, v. UNITED STATES LENS CORPORATION, Appellant.— Order of the Appellate Term, entered April 8, 1969, which reversed a judgment of the Civil Court and awarded judgment to plaintiff and dismissed the counterclaim, unanimously modified on the law and the facts, without costs and without disbursements, to the extent of allowing defendant a credit of $250 in reduction of plaintiff's judgment, as sought on its counterclaim, and otherwise affirmed. The credit which arose from the settlement of an earlier dispute between the parties, evidenced by defendant's letter of July 11, 1962, and plaintiff's letter of July 16, 1962, is the only damage established by defendant in the present record. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SALVATORE LA MONICA, Respondent.— Order entered July 2, 1969, granting petitioner's writ of error *coram nobis* and vacating judgment dated November 2, 1936, convicting petitioner of the crime of murder in the second degree, unanimously reversed on the law and the facts and petition dismissed and judgment reinstated. Petitioner sought a writ of error *coram nobis* to set aside a judgment of conviction of murder in the second degree entered November 2, 1936, after the verdict of a jury. The petitioner states two grounds: that he was not represented by counsel and that he was deprived of counsel of his choice. As to the first claim, it appears that petitioner, along with three others, was indicted for the crime of murder in the first degree on August 28, 1935. Two days later he filed an affidavit of indigency and the court appointed three attorneys to represent him. The competency of these attorneys is not in issue. The case as against petitioner and one of the others went to trial and resulted in a mistrial by consent. Thereafter a second affidavit of indigency was filed and the same attorneys were appointed. On this trial the jury failed to agree. A third trial began on October 7, 1936. The same attorneys appeared for defendant, but this time no affidavit of indigency was filed. The trial resulted in the conviction above referred to. The claim is that the failure to have an affidavit of indigency deprived the court of the right to appoint counsel and, hence, no counsel were appointed. We deem this incorrect on two grounds. First, the failure to have an affidavit — assuming one was required — was at most an irregularity which did not affect the validity of the designation of counsel. But secondly, and more important, no affidavit was required. In the absence of any intervening factor showing a change of circumstance, the original designation continued. It is quite clear that counsel regarded themselves as under a duty to continue their representation, and they did so. And when they sought compensation it was based on the original affidavit and designation, and paid accordingly. The basis of the second contention is that petitioner, after the second trial, became dissatisfied with his counsel and sought counsel of his own choice. He claims that he communicated that fact to Newman Levy, Esq., one of the counsel, and in reply he was informed by the Clerk of the court that he must proceed